IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TRENT M. BORICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-05122-CV-DGK-SSA |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER PARTIALLY GRANTING PETITION FOR ATTORNEYS' FEES</u>**

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff's application for Social Security benefits. Plaintiff challenged the denial in federal district court, and this Court granted the Commissioner's motion to remand. On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff $105,449.92 in past-due benefits.

Now before the Court is Plaintiff's application for attorneys' fees pursuant § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). ECF No. 22. After the case was remanded, the Court awarded Plaintiff's counsel fees of $3,644.87 under the Equal Access to Justice Act ("EAJA"). Now, after prevailing on remand, Plaintiff requests an additional $22,717.61 pursuant to § 406(b)(1), for a total award of $26,362.48, the statutory maximum of 25% of the claimant's past-due benefits.

The Commissioner has no official objection to the request[1] but makes useful observations about the amount. The Commissioner notes Plaintiff's counsel states its firm performed 20.15

---

[1] The Commissioner has no direct financial stake in the outcome of this motion; rather, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

hours of legal work in this case, of which 14.8 hours were billed by attorneys and 5.35 hours were billed by non-attorneys. This means that

> [a]warding the full amount requested by Plaintiff's counsel would result in reimbursement at a rate of $1,308.31 per billed hour ($26,362.48 (amount requested)/ 20.15 (court hours) = $1,308.31). However, this approach would compensate attorneys at the same implied hourly rate as non-attorneys. If non-attorneys were compensated at half the rate of attorneys, this would mean an implied hourly rate of $1,508.15 ($26,362.48/17.48 hours).

Resp. at 2, ECF No. 25.

The district court determines what a reasonable award of attorneys' fees is under 42 U.S.C. § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The Eighth Circuit has identified the following factors as relevant to the reasonableness inquiry: "the hourly rate[,] . . . the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 Fed. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807–08).

The Court finds the additional amount requested by Plaintiff's counsel is unreasonable for the work performed in this case because the proposed total fee—$26,362.48—would be outsized in comparison to the quality of work performed and the time expended by counsel. Instead, the Court will use a method it and other courts in this district have used: Base the fee award on an hourly rate that is roughly equal to 2.8 times the hourly rate under the EAJA for the relevant period. *See, e.g.*, *Adamson v. Comm'r of Soc. Sec.*, No. 6:18-cv-03196-RK, 2021 WL 4896550, at *2–3 (W.D. Mo. Oct. 20, 2021) (reducing fee with effective hourly rate of $1,162.80 per hour to $560 per hour, using an EAJA rate of $200 per hour multiplied by 2.8); *Williams v. Colvin*, No. 13-CV-417-W-DGK-SSA, 2016 WL 3162139, at *2 (W.D. Mo. June 3, 2016)

(reducing § 406(b) fee from an effective hourly rate of $691.48 per hour to $529.90 per hour, relying on an EAJA rate of $189.25 per hour multiplied by 2.8).

Applying that formula here, the Court calculates this amount as follows. Plaintiff's counsel requested EAJA rates of $207.78 for work performed in 2020 and $215.72 for work performed in 2021. Multiplying these rates by 2.8 yields $581.78 per hour for 2020 and $604.02 per hour for 2021, which is a rough average hourly rate of $590 per hour for attorney work. This rate, $590/hour, multiplied by the number of hours of attorney work, 14.8 hours, yields $8,732 for attorney work. Paralegal work is compensated at half this rate, $295 an hour. This rate, $295/hour, multiplied by the number of hours of paralegal work performed on this case, 5.35 hours, yields $1,578.25 for paralegal work. The combined amount ($8,732 + $1,578.25) is $10,310.25. This $10,310.25 is the gross amount of attorneys' fees the Court finds is reasonable under § 406(b). The Court then reduces this amount by what Plaintiff's counsel has already received, $3,644.87, yielding a net amount of $6,665.38 that should be paid to Plaintiff's counsel under § 406(b).[2]

Accordingly, after the Commissioner verifies that Plaintiff does not owe a debt to the United States that is subject to offset, the Commissioner will pay $6,665.38 to Plaintiff's attorney, Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C. This payment will be mailed to Daley Disability Law, P.C. pursuant to Plaintiff's fee agreement.

**IT IS SO ORDERED.**

Date: May 2, 2024                              /s/ Greg Kays
                                               GREG KAYS, JUDGE

---

[2] When an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796. Here, instead of refunding the EAJA fees, Plaintiff's counsel asks the Court to subtract (or "net") the EAJA fees, such that the § 406(b) amount awarded would be the difference between the amount awarded and the amount of EAJA fees already received. The Commissioner takes no position on the request to award a netted § 406(b) award other than requesting that to ensure consistency, the Court's order distinguish between the full amount determined as reasonable under section § 406(b) and the net amount awarded for payment purposes.